Leonard N. Cohen, J.
Defendant is a self-described compulsive gambler and a frequent visitor to plaintiff’s Las Vegas hotel, attracted not so much by the spectacular entertainment or desert sunns by the establishment’s sophisticated gambling casinos. Defendant was induced to return to the hotel and to the tables at regular intervals by the plaintiff’s offer of free junkets — air transportation and hotel accommodations arranged and provided by the plaintiff. Without doubt, these invitations for expense-paid holidays were issued with the knowledge and expectation that defendant would gamble at the tables of plaintiff’s casino.
Plaintiff, to further facilitate defendant’s gambling inclinations, advanced chips at its casino in return for which it claims *440 here, the defendant issued five promissory notes of equal amounts. Plaintiff therefore seeks $2,500 in this forum for nonpayment.
The defendant, appearing pro se, in addition to a general denial, contests jurisdiction on the ground that he is a resident of Connecticut, the place of personal service, and, in effect, asserts insufficient basis to subject him to personal jurisdiction. There being no proof of New York contacts sufficient to subject the defendant to personal jurisdiction in this court under CPLR 302, defendant is correct in asserting a lack of personal jurisdiction. The court’s jurisdiction rests rather in a pre-suit attachment and thus is limited to the value of the property attached. (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 314.19.)
Defendant concedes signing five receipts at the casino cashier’s office for the claimed sum over a period of several days but the proof is clear the funds advanced were in the form of chips and were lost by the defendant at the dice tables. Chips were advanced for these receipts and although refundable in cash at the casino only, the transaction was made in the casino by employees while the gaming tables were in full operation and under circumstances where defendant was playing the dice tables and lost. These receipts bore only dates, amounts and defendant’s signature but the attached stubs bore gambling casino identification.
Nevada law, which must govern the transaction presented herein, provides no assistance to those seeking to enforce gambling debts and holds such debts unenforceable. (Intercontinental Hotels Corp. v. Golden, 15 N Y 2d 9; Hamilton v. Abadjian, 30 Cal. 2d 49; Burke & Co. v. Buck, 31 Nev. 74.) The proscription applies to the enforcement of loans made with the intent that the money advanced be used in gambling and the court may properly look to the circumstances surrounding the loan to determine whether such intent existed. (Wolpert v. Knight, 74 Nev. 322; Craig v. Harrah, 66 Nev. 1.)
Using the standard set forth in the above-cited cases, the circumstances proven at trial certainly justify a finding that the money was borrowed and lent with full intent on both sides that it be used for further gambling by the defendant. I find incredulous plaintiff’s claim that it acted, in effect, as a lending institution of noninterest bearing, negotiable, unsecured, demand notes involving substantial sums without any conditions as to use. It is obvious from all the evidence and surrounding circumstances that the indebtedness did not constitute receipt *441 of cash without constraint or condition hut rather it was just that sort of advance in furtherance of gambling that Nevada law precludes plaintiff from recovering. Accordingly, judgment is in favor of the defendant.